# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **DANIEL MICHAEL MORRISEEY,**<br>*Plaintiff*<br><br>**v.**<br><br>**CITY OF GEORGETOWN, TEXAS,** *et al.*,<br>*Defendants* | § § § § § § § § § § | **No. 1:26-CV-00969-ADA-SH** |

## ORDER

Now before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), filed April 15, 2026.[1]

Plaintiff Daniel Michael Morrissey brings this civil rights suit under 42 U.S.C. § 1983 against Defendants the City of Georgetown, Williamson County, and three City and County officers, alleging violations of his Fourth and Fourteenth Amendment rights under the U.S. Constitution. Complaint, Dkt. 1. Plaintiff, who is proceeding *pro se*, asks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1).

### I.   Application to Proceed *In Forma Pauperis*

Under § 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees. The district court's decision whether a party may proceed *in forma pauperis* "must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). The

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

movant need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Instead, the question is whether the movant can afford the costs without undue hardship or deprivation of "the necessities of life." *Id.*

After reviewing Plaintiff's application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship and **GRANTS** his application for *in forma pauperis* status. Plaintiff is advised that *in forma pauperis* status is granted subject to a later determination that this action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff also is advised that although he has been granted leave to proceed *in forma pauperis*, the Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.    Review Under Section 1915(e)(2)(B)

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under 28 U.S.C. § 1915(e)(2)(B). A court may *sua sponte* dismiss an *in forma pauperis* complaint "at any time if the court determines" that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009).

In deciding whether a complaint states a claim, the Court's task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint fails to state a claim under

2

§ 1915(e)(2)(B) "when it lacks sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678).

> A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation and quotations omitted). Even so, "pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (citation omitted).

Plaintiff brings this suit under 42 U.S.C. § 1983 against the City, County, and their officers in their individual and official capacities. Section 1983 creates a private right of action for redressing violations of federal law by those acting under color of state law. *Loera v. Kingsville Indep. Sch. Dist.*, 151 F.4th 813, 818 (5th Cir. 2025). To prevail on a § 1983 claim, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States and show that the alleged deprivation was committed by a person acting under color of state law. *Id.* Municipalities and counties are not liable for the unconstitutional actions of their employees under respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). But a § 1983 plaintiff can establish a claim for municipal liability by showing that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Johnson v. Harris County*, 83 F.4th 941, 946 (5th Cir. 2023).

Plaintiff alleges that on April 17, 2024, Georgetown police officers entered his home without a warrant or probable cause, euthanized his dog, unlawfully seized his DNA, and unlawfully arrested and detained him in Williamson County Jail for 21 days. Dkt. 1 ¶ 2. Plaintiff alleges that Georgetown Police and Williamson County subsequently fabricated probable cause for his arrest

and detainment. *Id.* ¶ 3. Plaintiff alleges that Defendants' actions violated his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and that the City and County ratified the officer's actions pursuant to policies and customs. *Id.* ¶ 4.

The Court finds that Plaintiff has alleged sufficient facts to avoid dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B).

### III.    Conclusion

The Court:

1. **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **ORDERS** Plaintiff's Complaint (Dkt. 1) to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1);

2. **ORDERS** the Clerk to issue summons; and

3. **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee..

**SIGNED** on May 12, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4